HEATH NUCKOLLS, PLAINTIFF IN ERROR, V. JOHN H. TOMLIN AND R. F. McCOMAS, DEFENDANTS IN ERROR.

**Assignment for the Benefit of Creditors.** Before the acts of February 15, 1877, Laws 1877, p. 24, the only remedy against an assignee for the benefit of creditors, where he neglected to collect the assets and render them available, or to settle the conflicting claims of creditors and adjust the respective amounts to be paid to each, was by suit in the nature of a bill in equity to enforce a settlement of the accounts of the assignee and a distribution of the assets among the creditors. No suit on the original cause of action against the assignor could be maintained · against the assignee until his accounts had been settled and a decree made for distribution.

ERROR to the district court for Otoe county.·

The action there was brought by Nuckolls against J. A. Ware, John H. Tomlin, and R. F. McComas. The petition alleged that on the 6th day of December, 1871, Ware was indebted to plaintiff in the sum of $1234,36; that Ware made an assignment of what he said in the deed of conveyance was all his property, goods, and chattels of every description to John H.
25

Tomlin, his assignee, to be sold by him, and the pro-
ceeds arising therefrom applied in the payment of
debts due from Ware, *pro rata*, if sufficient was not
realized to pay all in full; that R. F. McComas was
subsequently joined with Tomlin as assignee; that they
took possession of the property; that they have since
had control over the same; that they have from time
to time sold and conveyed a large portion of the prop-
erty and have paid some portion of the debts of Ware
out of the proceeds of the property so assigned to them;
that no part of plaintiff's demand has been paid,
although the said assignees have paid on a large num-
ber of debts and demands against said Ware thirty-
seven per cent thereof, or about that amount, but ne-
glect and refuse to pay said plaintiff any part of the
debt due him. Wherefore he prays judgment, etc.

The defendants filed separate demurrers to the peti-
tion. That of Ware was sustained. That of Tomlin
and McComas was overruled, and they answered alleg-
ing that the realty assigned to them was in the year
1872 duly advertised to be sold for cash to the highest
bidder, at which sale creditors were allowed to set-off
thirty-seven per cent of whatever demands they held
against Ware, upon the purchase of any realty bid in
by them, deny that they have paid any claim in full or
in part except in the conveyance of property so bid in·
by creditors, etc.

Upon the issues thus joined, trial was had before
POUND, J., who found in favor of the defendants, and
entered judgment dismissing the case, to all of which
plaintiff excepted.

*G. B. Scofield,* for plaintiff in error.

1. The assignees were bound to account to the
plaintiff for his proportionate share unless prevented
by some legal proceeding. *Mills v. Argall,* 6 Paige,

577. *Russell v. Leshler*, 4 Barb., 232. *Bell v. Holfard*, 1 Duer, 58.

2. There is no pretense that the plaintiff's debt against Ware was not a just one or that he should not be treated with like fairness in receiving his part of the proceeds of the estate as other creditors. The plaintiff and the defendant Tomlin both testify to this.

Tomlin says that he and some of the creditors made an arrangement that the property should be sold at auction, and that persons holding claims "had the privilege of taking property" and applying the amount on their debts. The plaintiff was never a party to any agreement whatever in regard to the disposition of the property, and no one will contend that he can be bound by what others may have unlawfully attempted to do. Must the plaintiff take property or nothing because some of the creditors desire to, and the assignees are willing to let them? We think not.

3. The assignees did not perform their duties according to law and the directions in the deed of assignment, and did not appropriate the property so received by them to the use and benefit of all the creditors of Ware, and thereby became personally liable to the plaintiff.

Six long years have passed and this plaintiff seeks to enforce his rights in a court of justice, and these defendants, with insolence and independence unknown to jurisprudence, with gross negligence staring us in the face, say, "Depart from us, we know you not," and the court, from its judicial eminence, has also pronounced the fiat "Go." This is an error and should be corrected. *Adlum v. Yard*, 1 Rawle, 163. *Mitchell v. Beal*, 8 Yerg, 134. *Dana v. Bank of U. S.*, 5 Watts & S., 224. *Christopher v. Covington*, 4 B Monroe, 357. .Perry on Trusts, Sec. 590. *Kellog v. Slauson*, 1 N. Y., 302. *Conklin v. Carson*, 11 Ill., 503.

*E. F. Warren,* for defendant in error.

1.   Plaintiff's position is this : Ware owed plaintiff, and made an assignment of his property to Tomlin and McComas in trust for his creditors.   Some portion of some of the debts has been paid to certain individual creditors, therefore the assignees are personally liable to plaintiff for the whole of his debt.

2.   There is no allegation that the estate would pay the whole of the debts or a given percentage; no allegation of fraud; no allegation that plaintiff's claim was a preferred one, or that the assignees ever promised to pay the same or any part of it; no allegation of a misapplication of the trust estate.   Hence there is no cause of action stated.   *Davenport v. McCole,* 28 Ind., 495.

3.   No case can be found when an action at law has been sustained against a trustee for the benefit of creditors upon an implied promise arising merely out of the acceptance of the trust to pay the demands of particular creditors.   Their interests are equitable and belong to another forum.   Nor is there any privity of contract between plaintiff and the assignees.   *Dius v. Brunell's Exr.* 24 Wend., 9.   *Beaches v. Darwin,* 12 Vt., 139.   Perry on Trusts, Sec. 843.

COBB, J.

Upon examination of the record in this case, I am satisfied that the petition fails to state facts sufficient to constitute a cause of action.   It nowhere states the value of the property which came into the hands of Tomlin and McComas as the assignees of Ware, nor that the same was sufficient to pay the judgment which he prays against them; nor does it set out the deed of assignment or state its terms as to the manner of the

execution of the trust thereby created. It would seem that the plaintiff was aware of the defects in his petition before the trial, as he obtained leave to amend his petition, but filed no amended one. It is equally obvious that had the petition contained and set forth the cause of action which the pleader contends that it does, the answer sets out no defense to it. Before the adoption of the code, where an assignee was remiss in executing the trust, as when he neglected to collect the assets and render them available, or to settle the conflicting claims of creditors and adjust the respective amounts to be paid to each, the appropriate proceeding was by bill in equity to enforce a settlement of the accounts of the assignee, and a distribution of the assets among the creditors. No action at law could be maintained by a creditor against the assignee until his accounts had been settled and a decree made for a distribution. See Burrill on Assignments, pp. 664, 665, and authorities cited in notes. Now, although the names of the actions and the difference in the forms between actions at law and suits in equity have been abolished, yet the difference in the kinds of relief to which parties are entitled upon different states of facts remain the same in the very nature of things. And it is quite clear that neither the facts stated in plaintiff's petition or proved at the trial show him to be entitled to the judgment which he prays, nor yet to that relief which his counsel claims for him in his brief and at the bar of this court.

The judgment of the district court is therefore

AFFIRMED.